# Fries *v.* Mather, Appellant.

*Husband and wife—Principal and surety—Promissory notes—Evidence—Question for jury.*

In an action on a promissory note where the sole question is whether one of the defendants, a married woman, executed the note as a joint purchaser, or as surety for her husband and son, and the determination of this question depends on the veracity of the witnesses, the case is for the jury.

Argued Feb. 7, 1906. Appeal, No. 23, Jan. T., 1906, by defendant, from judgment of C. P. Bucks Co., Jan. T., 1904, No. 21, on verdict for plaintiff in case of S. F. Fries v. John S. Mather, Charles Sidney Mather and Tacie A. Mather. Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on promissory notes.

At the trial it appeared that the notes in question were given by John S. Mather, Charles S. Mather, and Tacie A. Mather to S. F. Fries. Tacie A. Mather was the wife of Charles S. Mather and mother of John S. Mather. The three defendants at the time the notes were given executed a joint agreement for the purchase of a livery stable from plaintiff. Mrs. Mather claimed that notwithstanding the joint contract which she had executed, that she signed the papers only as a surety for her husband and son.

The court charged in part as follows:

[The facts in this case are nearly all in dispute from beginning to end. There are, however, a few of them that are undisputed, and that is that Fries, the plaintiff, knew that Mrs. Mather was a married woman and that he knew that a married woman could not become lawfully an accommodation maker, security or surety for the debt of another. It is also, I believe, undisputed that he never had any personal interview with Mrs. Mather, and did not see her for at least a period of a year and a half after the consummation of the purchase and sale. In that far I believe the facts are not disputed. In all other respects the main facts are in dispute. You have heard them and you will have to find what they are.] [4]

[And I say again that if this was an honest purchase and sale of the livery stable, and she was a party to it, then the plaintiff can recover upon these notes, because the notes were given then in settlement of the purchase price of the sale. But, if you find that this was a fraud on her, and she was deceived in fixing up of the papers, and when she signed the papers she did not intend to be a party to the purchase and sale, but that she only intended to lend her name or to go security for her husband and son, so that they might be able to buy this livery stable, in that event he cannot recover.] [5]

Verdict and judgment for plaintiff for $7,858. Tacie A. Mather appealed.

*Errors assigned* among others were (4, 5) above instructions, quoting them.

*William C. Ryan* and *Harman Yerkes,* of *Yerkes, Ross & Ross,* for appellant, cited : Stewart v. Stewart, 207 Pa. 59 ; Patrick & Co. v. Smith, 165 Pa. 526 ; Weigle v. Mercer, 1 Pa. Superior Ct. 490 ; Sibley v. Robertson, 212 Pa. 24 ; Harper v. O'Neil, 194 Pa. 141 ; Wiltbank v. Tobler, 181 Pa. 103 ; Fidelity, etc., Co. v. Harder, 212 Pa. 96 ; Greenawalt v. Kohne, 85 Pa. 369.

*Hugh B. Eastburn,* for appellee.

PER CURIAM, March 5, 1906 :

The main facts are undisputed, for although there was a serious conflict of testimony it was all upon the single point whether Tacie Mather, the appellant, executed the notes in suit as a joint purchaser, or as security for her husband and son. It raised a single issue of fact, which depended on the veracity of the witnesses whose credibility was of course for the jury. The plaintiff claimed on promissory notes in which appellant was a joint maker, and which it was admitted were executed in furtherance of a written agreement in which appellant was named as a joint purchaser. The judge charged explicitly and positively that notwithstanding the apparent contract according to the writings yet if the jury should be of opinion that they were a mere device to avoid the prohibition of the law against a married woman becoming surety as the defendants testified, then they should find for defendants. With a prima facie case on admitted signatures of the appellant to the writings which could only be defeated by evidence convincing to the jury that the writings were an evasion and fraud on the law, the judge could not have gone any further than he did.

Judgment affirmed.